| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LAURENS<br><br>Mark Williams,<br>                                    Plaintiff,<br>v.<br><br>Walmart, Inc.<br>                                    Defendants. | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT<br><br>C/A No.: 2021-CP-30-00837<br><br>SUMMONS |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at their offices at 2001 Assembly Street, Suite 204, P.O. Box 2823 (29202), Columbia, South Carolina 29201 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully Submitted,

s/Bradford W. Cranshaw
Bradford W. Cranshaw
SC Bar No. 66456
**GRIER, COX & CRANSHAW**
Post Office Box 2823
Columbia, South Carolina 29202
Tele: (803) 731-0030
Fax: (803) 731-4059
**ATTORNEYS FOR MARK WILLIAMS**

December 01, 2021
Columbia, South Carolina

ELECTRONICALLY FILED - 2021 Dec 01 3:42 PM - LAURENS - COMMON PLEAS - CASE#2021CP3000837

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LAURENS<br><br>Mark Williams,<br>                              Plaintiff,<br>v.<br><br>Walmart, Inc.<br><br>                              Defendants. | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT<br><br>C/A No.: 2021-CP-30-00837<br><br><br>**AMEDED COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, Mark Williams, complaining of the Defendant, Walmart, Inc. ("Walmart"), hereby alleges and pleads as follows:

1. Plaintiff is a resident of the County of Greenwood, State of South Carolina.

2. At all relevant times hereto, the most substantial part of the acts and omissions committed by Walmart and giving rise to this action occurred in Laurens County, South Carolina.

3. At all relevant times hereto, Walmart was the owner and operator of Distribution Center 6014 located in Laurens County, South Carolina ("the distribution center").

4. At all relevant times hereto, Plaintiff was employed by Walmart and was working as a quality assurance clerk at the distribution center.

5. At all relevant times hereto, Deborah Morgan ("Morgan") was employed by Walmart and was working at the distribution center.

6. At all times relevant hereto, Walmart was the employer and/or principal of the supervisory and management personnel charged with overseeing the work activities of Morgan

1

ELECTRONICALLY FILED - 2021 Dec 01 3:42 PM - LAURENS - COMMON PLEAS - CASE#2021CP3000837

and Walmart and had the right to control the hiring, firing, retention, supervision, and management of said supervisory and management personnel.

7. At all times relevant hereto, Walmart supervised and managed the hiring, firing, retention, supervision, and management of Morgan and supervised and managed the time, manner, and method of Morgan's work.

8. On or before November 20, 2018, Morgan came to the Plaintiff's residence and said that she was going to "blow his head off." The Plaintiff filed a police report about this incident on November 22, 2018. Contemporaneously with the police report, the Plaintiff informed the personnel department at the distribution center about Morgan's threat.

9. On or about November 29, 2018, another employee called the Plaintiff at his home sometime in the morning hours, and reported that Morgan had told other employees in the lunch area in the distribution center that she was going to "blow [the Plaintiff's] brains out." Following the conversation with the other employee, the Plaintiff called the personnel department at the distribution center, and told a member of the staff of that department about the threat of violence. The Plaintiff requested that someone in the personnel department speak with the employee who reported the lunch area incident.

10. On January 14, 2019, the Plaintiff filed another incident report. In this report, the Plaintiff stated that Morgan came to a neighbor's home, and yelled at the Plaintiff's son.

11. Following these incidents, on January 16, 2019, the Plaintiff filed a complaint and motion for a restraining order with the Greenwood County magistrate's court. The court convened a hearing on the complaint, and entered the restraining order on January 24, 2019. In its findings of fact, the court specifically noted that Morgan had "repeatedly made threats of blowing the Plaintiff's head off[.]" The restraining order prohibited Morgan from "entering or

attempting to enter the Plaintiff's place of residence [and] employment[.]" The order was effective until January 24, 2021.

12.   At the time of the entry of the order, the Plaintiff and Morgan worked in different areas of Walmart's distribution center, and at different shifts during the day. The Plaintiff worked the fourth shift in building 5 of the distribution center. Upon information and belief, Morgan was scheduled to work the first shift in building 1 of the distribution center.

13.   On March 10, 2019, the Plaintiff was working the fourth shift at the distribution center. Shortly before 3:00 p.m., as the Plaintiff worked from his desk in building 5, he saw Morgan walking down the aisle toward him. Upon further information and belief, Morgan had no reason to appear in the Plaintiff's section of the distribution center at that time.

14.   When the Plaintiff saw Ms. Morgan walking toward him, he left his work area, with the intention of removing himself to building 4. As the Plaintiff walked toward a forklift, he heard Morgan say something, but could not understand what she said. As the Plaintiff stepped on his forklift, he turned away from Morgan, who shot him. During the attack, Morgan shot the Plaintiff with a bullet which entered his left hamstring and exited the front of his left thigh muscle. The Plaintiff fell off of the forklift step, and hit a pallet, falling on his hands. As Plaintiff stood back up, he saw Morgan holding her handgun. The Plaintiff managed to flee to a men's bathroom, propping himself against the door to prevent Morgan's entry. At that time, upon information and belief, Morgan left the scene.

15.   After Morgan left the scene, the Plaintiff was transported to the hospital for emergency medical care. The Plaintiff subsequently treated with his doctor while he recovered from the gunshot wound.

16. The Laurens County Sheriff's Department subsequently arrested Morgan for attempted murder, possession of a weapon during a violent crime, and violation of a restraining order. Upon information and belief, pursuant to a plea bargain with the Laurens County Solicitor's Office, Morgan pled guilty to a charge of assault and battery of a high and aggravated nature on August 18, 2021. The General Sessions Court for Laurens County imposed a six (6) year sentence, with credit for time served.

17. Walmart owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards and procedures and the hiring, training, retention, management, and supervision of its employees, including the managers and supervisors of the distribution and Morgan.

18. At all times relevant hereto, Walmart was negligent, willful, wanton, careless, and reckless in the following particulars, to wit:

   (a) In the training, hiring, retention, managing, and supervision of its employees, including the managers and supervisors of the distribution center and Morgan;
   (b) In failing to take necessary and appropriate action once the Plaintiff notified the personnel department that Morgan made threats of bodily injury and harm against him;
   (c) In failing to enforce Walmart's workplace violence policy;
   (d) In failing to enforce Walmart's workplace rules of conduct;
   (e) In failing to enforce Walmart's company rules;
   (f) In failing to enforce Walmart's search policy;
   (g) In fostering a work environment in which workplace violence was tolerated;
   (h) In tolerating workplace violence by and/or against employees of the subject store; and
   (i) In failing to act a reasonable and prudent entity would act under the same or similar circumstances.

All of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff described herein.

19. Walmart's negligence, careless, willful, wanton, and reckless conduct and breach of the duties owed to plaintiff were the direct and proximate cause of the shooting described hereinabove.

ELECTRONICALLY FILED - 2021 Dec 01 3:42 PM - LAURENS - COMMON PLEAS - CASE#2021CP3000837

20.  As a direct and proximate cause of Walmart's negligent, careless, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, he has suffered injuries and damages in the form of physical injury and harm, past and future medical expenses, past and future lost wages, loss of earning capacity, past and future physical and mental pain and suffering, permanent injuries/impairment and disfigurement to his body, mental, emotional, and psychological damage, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Walmart for actual and punitive damages, including damages for physical injury and harm, past and future medical expenses, past and future lost wages, loss of earning capacity, past and future physical and mental pain and suffering, permanent injuries/impairment and disfigurement to his body, mental, emotional, and psychological damage, and loss of enjoyment of life.

S./Bradford W. Cranshaw
Bradford W. Cranshaw, Esquire
**GRIER, COX & CRANSHAW, LLC**
Post Office Box 2823
Columbia, South Carolina 29202
bcranshaw@griercoxandcranshaw.com
Tele:  (803) 731-0030
Fax:   (803) 731-4059
**Attorney for the Plaintiff**

December 01, 2021

Columbia, South Carolina